UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARRELL SMITH, on behalf of himself  :
Individually and all others similarly situated,  :   08 Civ. 0498 (DAB)(KNF)
:
  Plaintiff,  :   **AFFIDAVIT OF**
:   **ANDREW KOUROUPOS**
  v.  :
:
PIONEER CREDIT RECOVERY, INC.,  :
:
  Defendant.  :
------------------------------------------------------------x

STATE OF NEW JERSEY  )
               ) ss.:
COUNTY OF BURLINGTON  )

ANDREW KOUROUPOS, being duly sworn, deposes and says:

1. I am a Manager of Collections for SLM Financial Corporation ("SLM Financial"). As such, I am familiar with the facts and circumstances set forth below, based on my review of the records of SLM Financial. I submit this affidavit in support of defendant Pioneer Credit Recovery, Inc.'s ("Pioneer") motion to dismiss plaintiff's Complaint.

2. In or around September 2000, plaintiff applied for a loan in the amount of $2,500.00 (the "Loan") with SLM Financial, the creditor under the Loan. A copy of the application for the Loan (the "Application"), executed by plaintiff on or about September 3, 2000, is annexed hereto as Exhibit A.[1]

3. Plaintiff executed a promissory note for the Loan (the "Note") on or about September 3, 2000. A copy of the Note is annexed hereto as Exhibit B.

---

[1] To protect the privacy of the plaintiff, we have redacted certain personal identifying information, such as Social Security numbers and dates of birth, from the application and other documents submitted as exhibits. Of course, unredacted copies of these documents can be made available to plaintiff and the Court.

4.  The Application and the Note both correctly identify the creditor as SLM Financial.

5.  The payment schedule for the Loan was as follows:

    a.  Eight monthly payments of $10.00, commencing on November 4, 2000, and due each following month on the 4th of the month;

    b.  Thirty-five monthly payments of $104.32, commencing on July 4, 2001, and due each following month on the 4th of the month; and

    c.  A final payment of $104.33 on June 4, 2004.

6.  In accordance with the payment schedule set forth in ¶ 5 above, plaintiff made the following payments:

| Date | Amount | Declining Balance |
|---|---|---|
| 10/27/00 | $10.00 | $2720.00[2] |
| 12/01/00 | $10.00 | $2720.00 |
| 1/05/01 | $10.00 | $2720.00 |
| 2/05/01 | $10.00 | $2720.00 |
| 3/12/01 | $10.00 | $2720.00 |
| 4/06/01 | $10.00 | $2720.00 |
| 5/03/01 | $10.00 | $2720.00 |
| 6/01/01 | $10.76 | $2720.00 |
| 7/06/01 | $10.00 | $2720.00 |

---

[2]  The payments plaintiff made were not sufficient to pay down the principal balance. As such, the balance due did not decrease as a result of those payments.

2

| | | |
|---|---|---|
| 8/06/01 | $10.00 | $2720.00 |
| 9/25/01 | $104.32 | $2720.00 |

7.  On or about June 25, 2001, plaintiff requested a two-month deferment. Annexed hereto as Exhibit C is an e-mail from plaintiff to a representative from SLM Financial in which plaintiff requested the deferment.

8.  SLM Financial approved plaintiff's request and, by letter, dated June 27, 2001, informed plaintiff that the Loan had been deferred during the months of July and August 2001. A copy of this letter is annexed hereto as Exhibit D.

9.  While the Loan was in deferment, plaintiff was not required to make his first monthly payment of $104.32, due on July 4, 2001, or the next monthly payments of $104.32, due on August 4, 2001.

10. Plaintiff's next payment of $104.32 was due on September 4, 2001. Plaintiff did not make this payment until September 25, 2001. This payment brought plaintiff's loan current as of September 4, 2001.

11. Plaintiff failed to make his next payment of $104.32, which was due on October 4, 2001. Thus, the earliest plaintiff could have been held in default is October 4, 2001, when he failed to make his next required monthly payment.

12. Plaintiff has made no other payments on the loan.

WHEREFORE, defendant SLM Financial Corporation respectfully requests that its motion to dismiss plaintiff's Complaint with prejudice be granted in its entirety and that this Court grant defendant such other and further relief as the Court deems just and proper.

_____
ANDREW KOUROUPOS

Sworn to before me this
10th day of March, 2008.

_____
NOTARY PUBLIC

JUDITH A. MATTHEWS
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES
JUNE 26, 2012

Sep 23 20 03:58p    MicroLearning.com    770-541-9153    p.2

# SLM Financial Corporation
## Loan Application

a Sallie Mae company
Sales Rep: Kelly Savoie

Fax Applications to: 1-866-596-3594
Call With Questions: 1-877-834-9851
Mail Applications To: SLM Financial Corporation, PO Box 470, Marlton, NJ 08053-0470

**Section A: Borrower Section**

| Loan Amt Requested | Repayment Term Requested (years) | Interest Only Payments (In-School Only) | School Payments ($10/Month Minimum) |
|---|---|---|---|
| $2500 | 3 yrs | Yes / No / Months | Yes / No / Months |

Last: Smith    First: Darrell E.    Date of Birth: 6-30-66

Employer: Self Source    Position/Title: Telephone Tech.    3 [years]

**Section D: School Section**

School Name: Microlearning
School Phone: 770-541-9390
Tuition Amt: $2500
Ref#: 1693
Dates: 9-30-00    8-14-01    9-27-00    8-14-01

Signatures: [signed] / Darren Black

Borrower's Signature    Date 9-28-00    Co-Borrower's Signature    Date

SLM Financial Corporation Educational Loan Program

See Paragraph XI.3 below for important state law notices, including a "Notice to Consumer" for Iowa and Kansas residents and a Vermont "Notice to Cosigner."

In this Promissory Note (hereinafter "Note"), the words "I," "me," "my" and "mine" mean the undersigned Borrower and Co-Borrower(s), unless the language specifically refers to only one of either. "You," "your" and "yours" means the Lender, its agents, and any subsequent holder of this Note, and the agents of each person. "Lender" refers to the Lender as identified on my Disclosure Statement. "School" means the school that the Student is attending. "Student" is the person whose education costs will be paid for by this Loan.

I. PROMISE TO PAY
I promise to pay to the order of the Lender, or to a subsequent holder, according to the terms below, the sum of the Requested Loan Amount to the extent it is advanced to me, or on my behalf (the "Loan Amount"); interest on the Loan Amount; interest on any unpaid accrued interest added to the Loan Amount; Supplemental Fees, Late Charges, Returned Check Fees, and Payment Deferment/Forbearance Fees; and, in the event of default, the Lender's or subsequent Holder's costs of collecting and reasonable attorneys' fees.

II. INTEREST
Interest on this Note will accrue at the Variable Rate (as defined below), beginning on the Disbursement Date, on the principal balance advanced and on unpaid accrued interest added to the principal balance according to the Terms of Repayment below, until the principal balance and all accrued interest are paid in full. The Variable Rate will change annually on the anniversary of my loan's Disbursement Date. The Variable Rate shall be equal to the annual rate equal to the sum of the Prime Rate as published in The Wall Street Journal, and effective for the business day prior to any loan's disbursement or the first day of the month prior to any loan's anniversary month (the "Index") plus the percentage as identified on my Disclosure Statement per annum (the "Margin"), rounded to the nearest one-fourth of one percent (0.25%). For example, the Variable Rate for any January anniversary date will be determined by the Prime Rate published in The Wall Street Journal and in effect for the preceding December 1st. The amount of my Margin will be identified on my Disclosure Statement. If The Wall Street Journal is not published or the Prime Rate is not stated, then the Index shall be determined by using the immediately preceding published Prime Rate. In the event that more than one Prime Rate is published, the Index shall be calculated by using the highest rate so published. If this Index ceases to be available, you will choose a comparable substitute Index.

III. TERMS OF REPAYMENT
1. Repayment Period Statements - I will make consecutive monthly payments in the amounts and on or before the payment due dates established in my Disclosure Statement and shown on my monthly statements or in my coupon book until I have paid all of the principal and interest and any other charges I may owe under this Note.
2. I will repay my loan in no more than _____ 240 _____ installments of principal and interest equal to the amount necessary to amortize the unpaid principal and interest balance of my loan (as of the date of calculation) in equal monthly installments of principal and interest, or interest only when indicated on my Disclosure Statement, at the Variable Rate then in effect over the number of months remaining in the Repayment Period. The length of my repayment period, and the number of installments, will be identified on my Disclosure Statement. Alternatively, at your option, you may adjust the term of my loan first, then the repayment amount.
3. Amounts Owing at the End of the Repayment Period - Since interest accrues daily upon the unpaid principal balance of my loan, if I make payments after my payment due dates, I may owe additional principal and interest and late charges at the end of the Repayment Period. In such case, I shall pay the additional amounts and you will increase the amount of my last monthly payment to the amount necessary to repay my loan in full.
4. Payments - Payments will be applied first to applicable charges and fees, accrued interest, and then to principal, as permitted by applicable law.

IV. SUPPLEMENTAL FEE
You will charge me and I will pay an amount equal to the Supplemental Fee, identified on my Disclosure Statement. The fee will be no more than _____ 8.0% _____ of the Loan Amount. You will add the Supplemental Fee to the Loan Amount or I will pay the Supplemental Fee at the time you issue my loan disbursement. I will not be entitled to any reimbursement of Supplemental Fee after I cash my disbursement check, or, if funds are transmitted electronically, 60 days after the funds are disbursed to the school.

V. LATE CHARGES
To the extent permitted by law, I will pay a late charge if I fail to make any part of a monthly payment within the number of days after it becomes due, as identified on my Disclosure Statement. The minimum late charge will be identified on my Disclosure Statement. The maximum late charge may not exceed the percentage of the total monthly payment, as identified on my Disclosure Statement.

VI. CHECK RETURN FEE
If I make a payment by check and that check is returned unpaid for any reason, I agree to pay a charge of _____ $20.00 _____ for each check so returned. Such Check Return Fee may be added to my principal balance hereunder and accrue interest at the rate provided in this Note, without notice.

VII. DEFERMENT / FORBEARANCE FEE
I can request and you, at your sole discretion, may grant me a Deferment under which I may defer a regularly scheduled payment for a maximum of two months. If I request such Deferment and you grant it, I agree to pay a Deferment Fee not to exceed $20.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice. I may request and you, at your sole discretion, may grant me up to 6 months of forbearance from making payments. If I request such forbearance and you grant it, I agree to pay a Forbearance Fee not to exceed $50.00. Such fee may be added to my Principal Balance hereunder and accrue interest at the rate provided in this Note, without notice.

VIII. COLLECTION COSTS
I agree to pay you all amounts, including reasonable collection agency and attorney's fees and court and other collection costs, that you incur in enforcing the terms of this Note if I am in default, up to the maximum permitted by law.

IX. RIGHT TO PREPAY
I have the right to prepay all or any part of my loan at any time without penalty.

X. WHOLE LOAN DUE
I will be in default and you will have the right to give me notice that the whole outstanding principal balance, accrued interest, and all other amounts payable to you under the terms of this Note, are due and payable at once, and to cease to make any further disbursements to me, if: 1) I fail to make any payment to you when due; or 2) I fail to notify you in writing of a change in my name, address, telephone number, or change of status of the Co-Borrower(s) (i.e., death, total disability or bankruptcy) within ten days after a change occurs; or 3) I break any of my other promises in this Note; or 4) Any bankruptcy proceeding is begun by or against me, or I assign any of my assets for the benefit of my creditors; or 5) I make any false written statement in applying for this loan or at any time during the Repayment Period; or 6) I die or the Co-Borrower(s) dies; or 7) I am in default on any loans I may already have with you, or on any loans I have with the future. For Wisconsin residents only, I will be in default and you will have the rights described above, if 1) (a) if the interval between scheduled payments is two months or less, and I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date or deferred due date, or (b) if the interval between scheduled payments is more than two months, I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more than 60 days after its scheduled due date or deferred due date. I will also be in default if I fail to observe any other provision of this Note, the breach of which materially impairs my ability to pay the amounts due under this Note.

My failure to receive a coupon book or a statement does not relieve me of my responsibility and obligation of making my required monthly loan payments in accordance with the terms and conditions of this Note. You may report the status of my loan and my payment history to credit reporting agencies. If I default, I will be required to pay interest on this loan accruing after default at the same rate of interest applicable to this loan prior to my default. The interest rate after default will be subject to adjustment in the same manner as before default.

XI. NOTICES
1. I will send written notice to you within ten days after any change in my name, address, or telephone number.
2. Any notice required to be given to me by you will be effective when mailed by first class mail to the latest address you have for me.
3. I understand that the following notices are required by or necessary under state law and that these notices may not describe all of the rights that I have under state and federal law. Unless otherwise indicated, each notice applies to Borrowers and Co-Borrowers who live in the state on the date they sign this Note and to Borrowers and Co-Borrowers who are residents of the state.

ARIZONA: I agree to pay an effective rate of interest equal to [illegible] with this Note that may be deemed to be interest under applicable law, of interest resulting from any other fees or charges paid or payable by me in connection with this Note that may be deemed to be interest under applicable law.

CALIFORNIA RESIDENTS: As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of any credit obligations.

GEORGIA: I waive any right to require the Lender to take action against the principal as provided in O.C.G.A. 80-7-24.

IDAHO: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Idaho, including the Idaho Credit Code (other than laws relating to interest, fees, and charges).

INDIANA: If I am in default, I will not be obligated to pay collection agency costs, attorney's fees, other collection costs, or court costs (unless independently awarded by the court).

IOWA: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of unearned charges in accordance with law.

KANSAS: NOTICE TO CONSUMER: 1. Do not sign this agreement before you read it. 2. You are entitled to a copy of this agreement. 3. You may prepay the unpaid balance at any time without penalty.

KANSAS: This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated in my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Kansas, including the Kansas Uniform Consumer Credit Code (other than laws relating to interest, fees, and charges).

KANSAS AND MAINE RESIDENTS: The provisions of this Note regarding when I will be in default do not apply. Instead I will be in default (a) if I fail to make a payment as required by this Note or (b) if the prospect of my payment or performance is significantly impaired (the burden of establishing the prospect of significant impairment is on the Lender).

MAINE: The provisions of this Note regarding the payment of collection agency costs, attorneys fees, other collection costs, and court costs do not apply to Maine residents. This Note is governed by applicable federal law and the laws of the state where the Lender is located, as indicated on my Disclosure Statement, without regard to conflict of law rules, and by applicable consumer protection laws of Maine, including the Maine Consumer Credit Code (other than laws relating to interest, fees, and charges).

MISSOURI: ORAL LOAN AGREEMENTS OR COMMITMENTS TO LOAN MONEY, EXTEND CREDIT OR TO FORBEAR FROM ENFORCING REPAYMENT OF DEBT INCLUDING PROMISES TO EXTEND OR RENEW SUCH DEBT ARE NOT ENFORCEABLE. TO PROTECT YOU (BORROWER(S) AND US (CREDITOR) FROM MISUNDERSTANDING OR DISAPPOINTMENT, ANY AGREEMENTS WE REACH COVERING SUCH MATTERS ARE CONTAINED IN THIS WRITING, WHICH IS THE COMPLETE AND EXCLUSIVE STATEMENT OF THIS AGREEMENT BETWEEN US, EXCEPT AS WE MAY LATER AGREE IN WRITING TO MODIFY IT.

NEW YORK: By signing as Co-Borrower I am acting as a "guarantor" and if there is default, I agree to pay all sums due as set forth in the Note. The Lender can collect this debt from me without first trying to collect from the Borrower.

NEW YORK AND VERMONT: The Lender may obtain a consumer report (credit report) about me and if so the name and address of the consumer reporting agency that issued the report. I will be informed whether or not the Lender obtained a consumer report about me and if so the name and address of the consumer reporting agency that furnished the report. If my application is approved subsequent consumer reports may be requested or used in connection with (a) renewal or extension of the credit for which I have applied, (b) reviewing my loan, (c) taking collection action on my loan or (d) other legitimate purposes associated with my loan.

NORTH CAROLINA: By signing as a Co-Borrower I waive any right I have to require the Lender to proceed in accordance with the provisions of N.C.G.S. ss 26-7 through 26-9 and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

OHIO: The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

OKLAHOMA: If I am in default and the total amount disbursed under this Note is greater than $3,400 (or any higher dollar amount established by law for the payment of such fees), I agree to pay the Lender's collection agency costs, attorneys fees, other collection costs and court costs.

TEXAS RESIDENTS: To contact the Lender about this account call 1-800-638-8492. This contract may be subject in whole or in part to Texas law which is enforced by the Consumer Credit Commissioner, 2601 North Lamar Boulevard, Austin, Tx 78705-4207, phone (512) 479-1285 or (800) 538-1579. Contact the Commissioner relative to any inquiries or complaints.

UTAH BORROWERS AND CO-BORROWERS: As required by law, I am hereby notified that a negative credit report reflecting on my credit record may be submitted to a credit reporting agency if I fail to fulfill the terms of my credit obligations.

VERMONT: NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS LOAN. IF THE BORROWER DOES NOT PAY THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU.

VIRGINIA: By signing as Co-Borrower, I waive any right I have to require the Lender to proceed in accordance with provisions of 49-25 and 49-26 of the Code of Virginia and acknowledge that the Lender may proceed directly against me without first proceeding against the Borrower or any collateral for the Loan.

WEST VIRGINIA RESIDENTS: The provisions of this Note regarding the payment of collection agency costs, attorney's fees, other collection costs, and court costs do not apply.

WISCONSIN BORROWERS AND CO-BORROWERS: The provisions of this Note regarding default do not apply. Instead, I will be in default (a) if the interval between scheduled payments is two months or less, and I permit to be outstanding an amount exceeding one full payment which has remained unpaid for more than 10 days after its scheduled due date, or I fail to pay the first payment or the last payment, within 40 days of its scheduled due date or deferred due date, or (b) if the interval between scheduled payments is more than two months, I permit to be outstanding all or any part of one scheduled payment which has remained unpaid for more than 60 days after its scheduled due date or deferred due date. I will also be in default if I fail to observe any other provision of the Note, the breach of which materially impairs my ability to pay the amounts due under this Note.

WISCONSIN RESIDENTS ONLY: No provision of a marital property agreement (pre-marital agreement), a unilateral statement under Section 766.58 of the Wisconsin Statutes, or a court decree under Section 766.70 adversely affects the interest of the creditor unless, prior to the time the credit is granted, the creditor is furnished a copy of the marital property agreement, statement, or decree or has actual knowledge of the adverse provision when the obligation to the creditor is incurred. If the loan for which I am applying is granted, my spouse will also receive notification that credit has been extended to me. For married Wisconsin residents, my signature confirms that this loan obligation is being incurred in the interest of my marriage or family.

_____                                    _____
Signature of Wisconsin Borrower                              Signature of Wisconsin Co-Borrower

XII.    ADDITIONAL AGREEMENT
1.  The proceeds of this loan will be used for the educational expenses at the School, including living expenses. I understand that when you accept this signed Note, you are not agreeing to lend me money and that there will be no such agreement until the time the loan is actually disbursed. You have the right to lend an amount less than the Requested Loan Amount and/or to accept or reject my Co-Borrower(s) or my application. I will be required to repay only the Loan Amount, plus interest, any late charge, and other applicable charges.
2.  I understand that the Lender is located in the state identified on my Disclosure Statement and this Note will be entered into in that state. Consequently, the provisions of this Note will be governed by applicable federal laws and the applicable laws of that state, without regard to conflict of law rules. I agree that any suit I bring against you must be brought in the county in which you maintain your principal place of business. I agree that any suit against me in the event I default on this Note may, to the extent permitted by law, be brought in the county in which you maintain your principal place of business, regardless of where I am now living or where I may be living at the time of suit.
3.  Upon receipt of the Disclosure Statement, I will review it and if I am not satisfied with the terms of my loan as approved, I may cancel this Note and all disbursements. To cancel this Note, I will contact you in writing within three days of receipt by me of the loan check to you; or if funds are transmitted electronically, I will instruct the School within three days of receipt by me of the Disclosure Statement, to return such funds to you.
4.  Without losing any of your rights under this Note, you may accept (a) late payments, or (b) as permitted by law, partial payments, even if marked "payment in full", "without recourse" or similar language. You may delay or fail to exercise, or waive any of your rights on any occasion without losing your entitlement to exercise the right at any future time or on any future occasion. I waive my notice of dishonor, notice of protest, presentment, demand for payment, and all other notices or demands in connection with this Note and consent to any and all extensions, renewals, or releases of any party liable upon this loan or any

this loan or any other loans I have outstanding with you, or waiver or nullification that may be granted by you, all without affecting or releasing the borrower, cosigner(s) or the co-borrower(s) from such loans.

5. If any provision of this Note is held invalid or unenforceable, that provision shall be considered omitted from this Note without affecting the validity or enforceability of the remainder of this Note.

6. Any provision of this Note maybe modified if jointly agreed upon in writing by you and me. Any modification will not affect the validity or enforceability of the remainder of this Note.

7. I may not assign this Note or any of its benefits or obligations. You may assign this Note at any time. The obligations of this Note will be binding on my estate.

8. If this Note is executed by more than one person, each person agrees that any communication between you and any of the persons will be binding on all of the persons and that the provisions of this Note will apply to all persons individually and collectively.

9. All dollar amounts stated in this Note are in United States dollars. I will make all payments in United States dollars with no deduction for currency exchange.

10. If I fail to complete, or am dissatisfied with the education program paid for with this loan, the Co-Borrower and I are not relieved of any obligation within or pursuant to this Note.

11. I hereby waive all my defenses to this Note based on suretyship.

**BORROWER'S/CO-BORROWER'S CERTIFICATION/AUTHORIZATION**

I declare that the information contained on my application is true and correct. I authorize the School to pay to you any refund which may be due me up to the Loan Amount. I certify that the loan proceeds will be used for educational expenses at the School, including living expenses. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting the Student's educational expenses related to attendance at the School. I understand that you may, at your option, either electronically transmit funds to the School to be applied to the Student's account or issue a check made payable to me, or jointly payable to me and the School, and send it to the School. If funds are transmitted electronically, I authorize the School to transfer funds to the Student's account at the School. I, the Borrower, will receive a Disclosure Statement, incorporated herein by this reference, that identifies my actual Loan Amount (as determined by the Lender), repayment period, fee amounts and interest rates. I understand and agree that if the information on the Disclosure Statement conflicts with the information on this Note, the information on the Disclosure Statement applies. I also certify the following: I have read the materials explaining the Program that have been provided to me, and I understand and agree to the provisions of the Program and my rights and responsibilities under the Program.

**CORRECTION OF ERRORS**

All parties to this agreement agree to fully cooperate and adjust all typographical, computer, calculation or clerical errors discovered in any or all of the loan documents including the application, promissory note and Truth-In-Lending Disclosure Statement. In the event this procedure is utilized, all parties involved shall be notified and receive a corrected copy of the changed document.

**PRIVACY DISCLOSURE**

1. I must update the information on my Application whenever you ask me to do so. I understand that if I default on my loan, disclosure of information about my loan to consumer reporting agencies may adversely affect my credit rating. Therefore, in order to maintain a good credit rating, it is to my advantage to comply with all my responsibilities under this Note.

2. I authorize any school that the Student may attend to release to you, any requested Borrower or Co-Borrower information pertinent to this loan (e.g., employment, enrollment status, current address). For the purpose of learning my current address and telephone number, I authorize you to release information and make inquiries to the individuals I have listed on my application as references. I also authorize the sharing of any information about any of my outstanding education loans, by and between you, the applicable school, or any lender or subsequent holder of any such loans.

3. I authorize you and your affiliates from time to time to request and receive from others credit-related information about my spouse, if I live in a community property state. If I ask, you will tell me whether you have requested information from a consumer reporting agency and will provide me with the name and address of any agency that furnished you with a report.

4. You and your affiliates may share credit and other information about me with each other and with third parties for marketing and administrative purposes. If I do not want credit information about me from my application, consumer reporting agencies, or third parties shared with your affiliates, I will send a signed letter telling you so with this Note.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERE TO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Arbitration Disclosure.**

In this section, the word "you" refers to the borrower and/or co-borrower and the words "we" and "us" refer to the lender and any subsequent holder of this promissory note. By applying for a loan with us, you agree that, if a dispute of any kind arises with respect to this Note or your application for a loan either you or we or third parties involved in a dispute with us can choose to have that dispute resolved by binding arbitration as described under "Arbitration Provision" below. If a party chooses arbitration, you will be entitled to select the Arbitration Administrator (i.e., the organization whose rules will govern the arbitration and which will designate the individual arbitrator) from between the following groups:

| American Arbitration Association | 1-212-716-5670 |
| JAMS/Endispute | 1-800-352-5267 |

If you have questions concerning these organizations, or wish a copy of their rules or forms, please contact the telephone number listed next to their names. Once you have selected an Arbitration Administrator, the arbitration will be conducted in accordance with that organization's code of procedure. If arbitration is chosen by any of the parties with respect to a claim, dispute or controversy, neither you nor we will have a right to litigate that claim in court or to have a jury trial on that claim or to engage in pre-arbitration discovery except as provided in the code of procedure of the arbitration administrator. In addition, you will not have the right to participate as a representative or member of any class of claimants pertaining to any claim that is subject to arbitration. The arbitrator's decision will generally be final and binding. Other rights that you would have if you went to court may also not be available in arbitration. It is important that you read the Arbitration Provision below carefully before signing this Note.

**Arbitration Provision.**

In this section, the word "you" refers to the borrower and/or co-borrower and the words "we" and "us" refer to the lender and any subsequent holder of this promissory note. This provision covers any claim, dispute or controversy (whether in contract, regulatory, tort or otherwise, whether pre-existing, present or future and including constitutional, statutory, common law, intentional tort and equitable claims) arising from or relating to this Note or your application for a loan or advertisements, promotions or oral or written statements related to this Note or the program under which such a loan is or would be made, the relationships which result from this Note (including to the full extent permitted by applicable law, relationships with third parties who are not signatories of this Note) or the validity, enforceability or scope of this Arbitration Provision or the entire Note (collectively, "Claim"). Any dispute concerning a Claim shall be resolved, upon the election of you or us or any third party, by binding arbitration under the applicable code of procedure (as in effect at the time the Claim is filed) of the Arbitration Administrator you select as provided above. A party who has asserted a claim in a lawsuit in court may elect arbitration with respect to any Claim(s) subsequently asserted in that lawsuit by any other party or parties. There shall be no authority or right to have any Claims resolved on a class action basis and the arbitrator may only decide your or our Claim(s) and may not consolidate or join the claims of other persons who have similar claims. Any participatory arbitration hearing that you attend will take place in the federal judicial district in which you reside. If you are unable to do so, at your request, we will advance the filing and hearing fees charged by the Arbitration Administrator for any Claim you wish to file against us. The losing party to the arbitration will ultimately be responsible for paying these fees. Unless inconsistent with applicable law, each party will bear the expense of their respective attorneys', experts' and witness fees, regardless of which party prevails in the arbitration.

This Arbitration Provision is made pursuant to a transaction involving interstate commerce and shall be covered by the Federal Arbitration Act ("FAA") (9 U.S.C. §§1-16). The arbitrator shall apply applicable substantive law consistent with the FAA and applicable statutes of limitations and shall honor claims of privilege recognized at law. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. This Arbitration Provision shall survive repayment of your loan. If any portion of this Arbitration Provision is deemed invalid or unenforceable under the FAA, it should not invalidate the remaining portions of this Arbitration Provision.

**STATEMENT AND SIGNATURES:** I have reviewed the information I have been presented in the Note and and certify that it is true, correct and complete to the best of my knowledge and belief. I authorize you, your agent(s) and affiliates, and the School from time to time to gather and share credit, employment, and other information about me from and with each other, consumer reporting agencies and third parties in accordance with applicable law. My authorization covers, without limitation, the sharing of any credit or other information from this Note or any information about the loan disbursed under this Note. I understand that a credit report is obtained for this loan application. I will not sign this Note before reading both sides of it even if otherwise advised. By signing this Note, I acknowledge that I have received an exact copy of it, that I have read it, and that I understand and agree to the terms and conditions of the Note printed on both sides of this Note, including the "Privacy Disclosure". A Co-Borrower is equally liable for this loan with the Borrower.

**THIS IS AN EDUCATION LOAN THAT MUST BE REPAID.**

_____  7-7-00   _____   _____
Signature of     (Borrower)   Date    Signature of   (Co-Borrower)   Date
DERRELL E SMITH

██████████                              _____   _____
Borrower's Social Security Number        Signature of   (Co-Borrower)   Date

__2,700.00__
Loan Amount



"Derrell Smith" ▬▬▬▬▬▬▬▬ on 06/25/2001 11:39:48 AM

To: JORGE A GOODRIGE/SallieMae@SallieMae
cc:
Subject: Payment deferment

3/3718

Mr. Goodrige.

After speaking with you earlier I'm writing to you with a request for a two or ~~three~~ month payment deferment.

This is because I have just moved and am not working at this time. I thank you in advance for your assistance. I await your response.

Regards

Mr. Derrell Smith

Get your FREE download of MSN Explorer at http://explorer.msn.com

*[Handwritten note:]* 2 Month Deferment July & August Resume Payments (Sept 2001)


**SLM**
FINANCIAL CORPORATION
*a Sallie Mae company*

06/27/01

DERRELL E SMITH


Re: SLM Financial Loan #313718

Pursuant to your request, we have extended your above referenced loan for the July, 2001 through August, 2001 payments. We have added $20.00 to your loan to complete this transaction.

Your next monthly payment is due on September 4, 2001.

Respectfully,

Charles M. Craig
Collection Manager
(856) 810-3621

P.O. Box 470 • 3000 Lincoln Drive • Suite F • Marlton, NJ 08053
Phone: (856) 810-2711 • Fax: (856) 810-2718