UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                            :
DARRELL SMITH, on behalf of himself         :
Individually and all others similarly situated,   :        08 Civ. 0498 (DAB)(KNF)
                                            :
              Plaintiff,                    :        **AFFIDAVIT OF**
                                            :        **BRIAN K. GALLAGHER**
        v.                                  :
                                            :
PIONEER CREDIT RECOVERY, INC.,              :
                                            :
              Defendant.                    :
-------------------------------------------------------------- x

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF NEW YORK   )

        BRIAN K. GALLAGHER, being duly sworn, deposes and says:

        1.      I am a member of Gallagher, Harnett & Lagalante LLP, attorneys for

the defendant in this matter.  As such, I am familiar with the facts and circumstances set forth

herein.  I make this affidavit in support of defendants' motion, pursuant to Fed. R. Civ. P.

12(b)(6), to dismiss plaintiff's Complaint with prejudice.

        2.      Annexed hereto as Exhibit A is a copy of the plaintiff's Complaint in

this matter.

WHEREFORE, defendant SLM Financial Corporation respectfully requests that its motion to dismiss plaintiff's Complaint with prejudice be granted in its entirety and that this Court grant defendant such other and further relief as the Court deems just and proper.

_____
BRIAN K. GALLAGHER

Sworn to before me this
10th day of March, 2008.

_____
NOTARY PUBLIC

DEVIN R. ROBINSON
NOTARY PUBLIC, State of New York
No. 02RO607230
Qualified in Kings County
Commission Expires April 1, 20 1 0

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BATTS**

08 CV 0498

Case No.

_____

DERRELL SMITH, on behalf of himself individually
and all others similarly situated

Plaintiff,

-against-

PIONEER CREDIT RECOVERY, INC.

Defendant.

_____X

**CLASS ACTION
COMPLAINT**

JAN 18 2008

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, by and through his attorneys. FAGENSON & PUGLISI, upon

knowledge as to himself and his own acts, and as to all other matters upon information and

belief, brings this complaint against the above-named defendant and in support thereof

alleges the following:

## INTRODUCTION

1.    This is an action for damages brought by an individual consumer and

on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692, *et seq* which prohibit debt collectors from engaging in

abusive, deceptive and unfair acts and practices.

## PARTIES

2 .    Plaintiff is a natural person residing in this District and is a consumer

as defined by the FDCPA, § 1692a (3).

3.    Upon information and belief, defendant is a debt collector, as defined

pursuant to 15 U.S.C. § 1692a (6); with its principal place of business in Delaware and with

its Registered Agent CT Corporation System, 111 Eighth Avenue, New York, New York

10011.

JURISDICTION AND VENUE

4.    This Court has jurisdiction and venue pursuant to 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331.

AS AND FOR A FIRST CAUSE OF ACTION

5.    Plaintiff re-alleges paragraphs 1 to 4 as if fully re-stated herein.

6.    That on or about May 15, 2007, June 13, 2007 and July 13, 2007 the defendant sent collection letters to plaintiff in an attempt to collect an alleged debt incurred for personal purposes to SLM Financial. Plaintiff received said letters. Copies of said letters are attached as Exhibit "1", Exhibit "2" and Exhibit "3" respectively.

7.    That said letters state: "CREDITOR: SLM Financial". That such designation does not properly or adequately state the name of the creditor to whom the debt is owed, in violation of the FDCPA, including but not limited to § 1692g(a)(2) and § 1692e(10).

AS AND FOR A SECOND CAUSE OF ACTION

8.    Plaintiff re-alleges paragraphs 1 to 7 as if fully re-stated herein.

9.    That the aforesaid June 13, 2007 (Exhibit "2") letter states, in pertinent part:

"Since you have failed to notify us of your intentions regarding this seriously delinquent debt, this serves as notice of our intent to evaluate your account for possible litigation. We are entitled to use, and we intend to use, all approved means at our command to collect the debts that have been referred to us... We trust you are aware of the serious consequences surrounding this very important matter and will retire the balance of your debt... If we do not hear from you within ten (10) days of the date of this notice, we will presume that you do not intend to honor this debt voluntarily, and we will have no alternative but to pursue an immediate resolution to this matter".

That the aforesaid language constitutes a threat to take an action that cannot legally be taken. The debt is more than 6 years old. Defendant threatens to pursue litigation in an

attempt to collect the debt if plaintiff does not pay voluntarily. However, said threat cannot be legally pursued as any lawsuit would be unsuccessful because of the statute of limitations.

10.    That defendant knows or should have known that the debt is statute-barred. That the threat to take legal action to collect the debt under these circumstances is in violation of the FDCPA, including but not limited to §§ 1692e(5) and 1692e(10). Defendant cannot threaten to file a legal action it knows is statute-barred. Said language also constitutes a false representation or deceptive means to collect or attempt to collect a debt.

### AS AND FOR A THIRD CAUSE OF ACTION

11.    Plaintiff re-alleges paragraphs 1 to 10 as if fully re-stated herein.

12.    That the aforesaid language quoted in paragraph "9" herein also constitutes a threat to take an action that is not intended to be taken, in violation of the FDCPA, including but not limited to §1692e(5). The language that "if we do not hear from you within *ten (10)* days of the date of this notice, we will presume that you do not intend to honor this debt voluntarily, and we will have no alternative but to pursue an *immediate* resolution to this matter" (emphasis added), when coupled with the earlier language about "intent to evaluate the account for possible litigation", gives a false sense of immediacy and urgency to the threat to take legal action. Defendant had no intention of commencing a lawsuit against plaintiff in the near future, as it implied in its letter.

13.    That after sending the said June 13, 2007 letter, defendant did not file a lawsuit, but merely sent another collection letter on or about July 13, 2007 (Exhibit "3").

14.   That said language also violates FDCPA §1692e(10) as a false

representation or deceptive means to collect or attempt to collect a debt.

### AS AND FOR A FOURTH CAUSE OF ACTION

15.   Plaintiff re-alleges paragraphs 1 to 14 as if fully re-stated herein.

16.   That all three letters further state:

"As of the date of this letter, you owe the balance shown on this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. "

That the least sophisticated consumer could reasonably interpret said language in two

ways: Said language could mean that the balance is the dollar amount stated at the top of

each of the three letters. Alternatively, said language could mean that the balance is that

dollar amount *before* the addition of interest, late charges, and recovery costs, which would

then increase the balance to an amount in excess of the amount stated at the top of each

letter, even if payment were received on the date of the letter. The latter interpretation

violates the FDCPA. Further, it is unreasonable to expect that the debt would be paid on

the date of the letter.

17.   That 15 U.S.C. § 1692g(a)(1) requires that a collection letter states

the amount of the debt. The description in said letters of the amount allegedly owed is

contradictory, does not clearly convey the amount of the debt and violates 15 U.S.C. §

1692g(a)(1). Said description of the amount of the debt is confusing to the least

sophisticated consumer.

## CLASS ALLEGATIONS

18.    That plaintiff re-alleges paragraphs 1-17 as if fully re-stated herein.

19.    That this action is brought on behalf of plaintiff and the members of a class. The class consists of all persons whom defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about May 15, 2007, June 13, 2007 and July 13, 2007; (b) the collection letter was sent to a consumer seeking payment of an alleged consumer debt allegedly owed to "SLM Financial"; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained violations of 15 U.S.C. § § §1692g(a)(1), (2), 1692e(5) and 1692e(10).

20.    That pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the fact that the collection letter that is the gravamen of this litigation are mass-mailed form letters, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received debt collection notices from the defendants which violate the various provisions of the FDCPA.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim are whether defendant violated the FDCPA by sending collection letters which fail to adequately name the creditor, which fail to state the amount of the debt and which made threats that cannot legally be

taken or that were not intended to be taken.

(C)     The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendants.

(D)     The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E)     The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained experienced counsel. The plaintiff's interests are consistent with those of the members of the class.

21.     That a class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

22.     That if the facts are discovered to be appropriate, the plaintiff will seek to certify a class action pursuant to rule 23(b)(3) of the Federal Rules of Civil Procedure.

23. That communications from debt collectors, such as those sent by the defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

24. That as a result of the above violations, defendant is liable to the plaintiff and the members of the class for statutory damages in an amount to be determined at the time of trial, plus costs and attorney's fees.

25. That defendant violated the FDCPA. Defendant's violations include, but are not limited to:

(a) failing to state clearly the name of the creditor;

(b) failing to provide clearly the amount of the debt;

(c) making a threat which cannot legally be taken or which is not intended to be taken; and

(d) using a false representation or a deceptive means to collect or attempt to collect a debt.

WHEREFORE, plaintiff respectfully prays that judgment be entered against the defendant as follows:

(a) statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) reasonable attorney's fees, costs and disbursements pursuant to 15 U.S.C. § 1692k; and

(d)    for such other and further relief as may be just and proper.


## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
    January 17, 2008.

NOVLETTE R. KIDD, ESQ. (NK2552)
FAGENSON & PUGLISI
Attorneys for Plaintiff
450 Seventh Avenue, Suite 3302
New York, New York 10123
Telephone: (212)268-2128

PAGE 10/17

# EXHIBIT "1"

6341 Inducon Drive East
Sanborn, NY 14132-9097

ADDRESS SERVICE REQUESTED

||||||||||||||||||||||||||||||||||
124337

05/15/2007

#BWNDLZK                              014
#R000 09A0 D4R9#      'A-02-JZ5-AM-01214
|..|||..|.|.|.||.|.||..||.|..|..||..||||..|.|..|.|..|
DERRELL E SMITH
3309 LURTING AVE
BRONX NY 10469-3711                    7


**Pioneer**
CREDIT RECOVERY, INC.
26 Edward Street, Arcade, NY 14009  1-800-923-9076

CREDITOR: SLM Financial
ACCOUNT #: 124337
CURRENT BALANCE: $5895.88

PO BOX 328
ARCADE NY 14009-0328
|..||.|.|||..||..|.|.|||...||..|.||.|..|..|.|||.|..|l.|

---

PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT

Your past due account(s) have been referred to our agency for collection. If you wish to resolve your obligation, call us toll free at 1-800-923-9076. All payments must be sent to P.O. Box 328 Arcade NY 14009 to ensure proper credit to the account. Please call to discuss a resolution to this matter.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification. If you request in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter, you owe the balance shown on this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full. Please contact us at the address on this letter or call the number listed above.

* Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132-9097) located in the left hand upper corner of this notice, is not the address of Pioneer Credit Recovery, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send all payments to P.O. Box 328, Arcade NY 14009, all other correspondence needs to go to P.O. Box 159, Perry NY 14530.

New York City Department of Consumer Affairs license number is 1112250.
City of Buffalo license number 522746.

| Creditor | Account # | Cur Bal | Int Rate |
|----------|-----------|---------|----------|
| SLM Financial | 530112283-0101 | 5895.88 | 15.750% |

EXHIBIT "2"

6341 Inducon Drive East
Sanborn, NY 14132-9097

ADDRESS SERVICE REQUESTED



124337

06/13/2007

#BWNDLZK
#R000 09FG QUL4#        `A-02-23H-AM-00148`    046
|..lll....l.l.ll.l.l.....ll.l...l...ll...lll...l.l.l.l.l.l|
DERRELL E SMITH
3309 LURTING AVE
BRONX NY 10469-3711



CREDIT RECOVERY, INC.
26 Edward Street, Arcade, NY 14009  1-888-223-0057

CREDITOR: SLM Financial
ACCOUNT #: 124337
CURRENT BALANCE: $5928.72

PO BOX 714
BATAVIA NY 14021-0714
|..ll.l.l.ll....l.l...llll...l...l...ll.l.l.l...ll.l.l.l.l.l|

PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT

Dear Derrell E Smith:

You have failed to respond to our previous attempts to contact you regarding your defaulted student loan.
Pioneer Credit Recovery, Inc., has been retained by SLM Financial to collect your defaulted loan. Federal
regulations require us to tell you that this information has been reported to all national credit bureaus.

It is Pioneer Credit Recovery, Inc.'s policy to attempt to resolve matters regarding unpaid debts on a voluntary
basis.

Since you have failed to notify us of your intentions regarding this seriously delinquent debt, this serves as
notice of our intent to evaluate your account for possible litigation. We are entitled to use, and we intend to use,
all approved means at our command to collect the debts that have been referred to us.

We trust you are aware of the serious consequences surrounding this very important matter and will retire the
balance of your debt by remitting payment with your social security number clearly written on the payment.

If you wish to repay your debt, but do not have the funds to do so, you may phone our office to discuss
payment options. If we do not hear from you within ten (10) days of the date of this notice, we will presume that
you do not intend to honor this debt voluntarily, and we will have no alternative but to pursue an immediate
resolution to this matter. If you wish to resolve your obligation owed to SLM Financial, you may contact our
offices at 1-888-223-0057. If prior payment arrangements have already been established with our office, please
disregard this notice.

Pioneer Credit Recovery, Inc.

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that
purpose.

As of the date of this letter, you owe the balance shown on this letter. Because your credit agreement may
require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of
recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your
account in full on the day you send payment may be greater than the amount stated here. If you pay the
amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will
notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to
pay your account in full. Please contact us at the address on this letter or call the number listed above.

* Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132-9097) located in
the left hand upper corner of this notice, is not the address of Pioneer Credit Recovery, Inc. This address is for
processing undeliverable mail only. Please do not send correspondence or payments to that address. Please
send all payments and correspondence to P.O. Box 714. Batavia NY 14020.

New York City Department of Consumer Affairs license number is 1112250.
City of Buffalo license number 522746.

| Creditor | Account # | Cur Bal | Int Rate |
|---|---|---|---|
| SLM Financial | 530112283-0101 | 5928.72 | 15.750% |

EXHIBIT "3"

6341 Inducon Drive East
Sanborn, NY 14132-9097

ADDRESS SERVICE REQUESTED



124337

07/13/2007

#BWNDLZK
#R000 09LA SA94#        A-02-KEF-AM-00682        050
լումՍՍոսնոնոնումումումումումՍՍմոնումունի
DERRELL E SMITH
3309 LURTING AVE
BRONX NY 10469-3711        3

***Pioneer***
CREDIT RECOVERY, INC.
26 Edward Street, Arcade, NY 14009 1-888-223-0057

CREDITOR: SLM Financial
ACCOUNT #: 124337
CURRENT BALANCE: $5963.91

PO BOX 714
BATAVIA NY 14021-0714
լումՍՍումՍունումՍՍումումՍՍմումՍՍմումումՍ

----------------- PLEASE DETACH AND RETURN THIS PORTION WITH PAYMENT -----------------

Please read!! Please read!! Please read!!

Special offer!! Special offer!! Special offer!!

The purpose of this notice is to inform you that we are here to help you resolve your defaulted SLM Financial loan(s).

There are programs and payment plans available for you if you are unable to pay your account in full. We understand that many individuals experience financial difficulties at one time or another. Payment plans are not only based on your current income, but also on your present overall financial situation.

Why wait? You may be eligible for a settlement offer of less than the full balance owed.

Failure to comply may result in your account being recommended for litigation.

We believe that your intentions are to amicably resolve your defaulted student loan debt. Please take advantage of this unique opportunity and set up a voluntary payment arrangement today.

We will work with you!

Please contact one of our knowledgeable representatives at the address or telephone number listed below to set up your personal payment arrangement. If prior payment arrangements have been established with our office, please disregard this notice.

Toll free: 1-888-223-0057

Pioneer Credit Recovery, Inc.
P.O. Box 714
Batavia NY 14020

This is an attempt, by a debt collector, to collect a debt and any information obtained will be used for that purpose.

As of the date of this letter, you owe the balance shown on this letter. Because your credit agreement may require you to pay interest on the outstanding portion of your balance, as well as late charges and costs of recovery, which vary from day to day, as you agreed in your credit agreement, the amount required to pay your account in full on the day you send payment may be greater than the amount stated here. If you pay the amount stated here, an adjustment may be necessary after we receive your payment. In that event, we will notify you of any adjustment in your balance. We encourage you to call prior to making a payment intended to pay your account in full. Please contact us at the address on this letter or call the number listed above

* Please note the above bar coded address (6341 Inducon Drive East, Sanborn, NY 14132-9097) located in the left hand upper corner of this notice, is not the address of Pioneer Credit Recovery, Inc. This address is for processing undeliverable mail only. Please do not send correspondence or payments to that address. Please send all payments and correspondence to P.O. Box 714, Batavia NY 14020.

New York City Department of Consumer Affairs license number is 1112250.
City of Buffalo license number 522746.

| Creditor | Account # | Cur Bal | Int Rate |
|----------|-----------|---------|----------|
| SLM Financial | 530112283-0101 | 5963.91 | 15.750% |